**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER THOMPSON,

        Petitioner,                  CASE NO. 09-CV-10520

v.                                          JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND**
**DISMISSING CASE WITHOUT PREJUDICE**

Petitioner Christopher Thompson, a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. In lieu of filing an answer to Petitioner's petition, Respondent filed an motion to dismiss, contending that the petition should be dismissed because Petitioner's claims are unexhausted. For the reasons set forth below, Respondent's motion will be granted and the habeas petition will be dismissed without prejudice.

**I.    BACKGROUND**

Following a jury trial in Mecosta County, Michigan, Circuit Court, Petitioner was convicted of (1) operating a vehicle while intoxicated, third offense, MICH. COMP. LAWS § 257.6256D, (2) fleeing a police officer, third degree, MICH. COMP. LAWS § 257.602A3A, and (3) driving with a suspended driver's license, second offense. Petitioner was on parole at the time he committed the offenses. Prior to sentencing, the prosecutor asked the trial court for an upward departure from the sentencing guidelines. The prosecutor cited various reasons for the request. The prosecutor stated

that Petitioner's actions posed a danger and threat to society and that Petitioner's prospects for rehabilitation were dismal, noting that the offense was Petitioner's sixth drunk driving offense.

Subsequently, on February 29, 2008, Petitioner was sentenced as a habitual offender, fourth, to eight- to fifty-years imprisonment for the operating while intoxicated and fleeing convictions and one-year imprisonment for the driving with suspended license conviction. The trial court found Petitioner to be a danger to society and departed from the guidelines in sentencing him.

On September 15, 2008, Petitioner filed a claim of appeal with the Michigan Court of Appeals, raising claims relating to the scoring of his guidelines, his sentence, and his jail credits. Pursuant to the Michigan Court of Appeals website, Petitioner's appeal remains open.

On February 12, 2009, Petitioner filed this habeas petition, raising the following claims:

> I. Whether the severe discrimination, substantial prejudices, disproportionate and vindictive sentence, to punish a person because he had done what the law plainly allows him to do is a due process violation of the most basic sort. For the Petitioner['s] beliefs, the assertion and exercise of Constitutional rights, his political will choosing a Republican form of government []. The fear of future retaliation and possible bias by the "state" political trustees in depriving Petitioner of his personal liberty warrants an immediate removal from the state courts for a hearing and determination.
>
> II. Whether Petitioner being denied an administrative hearing and an administrative determination made in this matter, prior to opposing counsel seeking of a judicial enforcement, which violates due process, deprived the state court jurisdiction to adjudicate a valid judgment.
>
> III. Whether Petitioner, being denied reasonable discovery request prior to trial, was a manner inconsistent with due process of law, rendering the state court of jurisdiction making judgment void.
>
> IV. Whether the trial court violated the [United States] Constitution [] by the commutations of numerous jurisdictional defects [] [and thus making the judgments void.
>
> V. Whether the trial court was divested of jurisdiction when the court ignored

    the Notice & Petition for removal from the state court for a hearing and determination on the jurisdictional challenges.

 VI. Whether the trial court had jurisdiction to adjudicate or to enter judgment.

 VII. Whether dismissal on forum non convenience (sic) grounds should be granted due to the state courts['] denial of removal.

 VIII. Whether one of the errors claimed may not in itself warrant dismissal of this case for the lack of jurisdiction [].

Respondent argues in his motion to dismiss that Petitioner failed to properly present these claims to the State's appellate courts and that Petitioner has an available remedy to exhaust.

## II. ANALYSIS

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. A prisoner "fairly presents his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480,

483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Thus, the Court must consider whether Petitioner has an avenue available for exhaustion of these unexhausted claims in state court.

The Court finds that Petitioner's claims are unexhausted. The claims he raised on direct appeal are still pending in the Michigan Court of Appeals. The claims he raises in this habeas petition appear to have never been presented to the state appellate courts. Thus, Petitioner still has those avenues of relief available to him, and he has failed to demonstrate that he should be excused from exhaustion. Accordingly, the Court will dismiss the petition without prejudice for failure to exhaust state court remedies.

### III.   CONCLUSION

For the reasons stated, **IT IS ORDERED** that Respondent's motion to dismiss [dkt. # 6] is **GRANTED**, and Petitioner's petition for writ of habeas corpus [dkt. # 1] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 30, 2009.

                                        s/Denise Goodine
                                        Case Manager