UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER THOMPSON,

        Petitioner,        CASE NO. 09-CV-10520

v.        JUDGE PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE
LLOYD RAPELJE,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

**I. INTRODUCTION**

Pending before the Court is Petitioner's motion for reconsideration, filed on October 14, 2009. On September 30, 2009, the Court granted Respondent's motion for summary judgment, finding:

> Petitioner's claims are unexhausted. The claims he raised on direct appeal are still pending in the Michigan Court of Appeals. The claims he raises in this habeas petition appear to have never been presented to the state appellate courts. Thus, Petitioner still has those avenues of relief available to him, and he has failed to demonstrate that he should be excused from exhaustion.

*See* Opinion and Order dated September 30, 2009. (A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002)).

On that same day, Petitioner filed a motion, in this Court, requesting that the Court stay his state-appellate proceedings. The Court denied that motion on October 8, 2009, finding the motion moot, because it granted Respondent's motion to dismiss and because the Court does not have jurisdiction over the state courts, or the state appellate courts, and a stay therefore is not appropriate.

In the present motion, Petitioner is requesting that the Court "stay/abey any state appeal court

No. 287737, proceedings until federal court hears my habeas petition." *See* Petitioner's Motion filed October 14, 2009. Additionally, Petitioner alleges that he filed a reply to Respondent's motion to dismiss, which he says was not addressed by the Court. Although the attachments to Petitioner's motion indicate that he did file a reply, that reply was not received by the Clerk of the Court, and therefore not docketed in Petitioner's case. Nonetheless, having reviewed Petitioner's reply, the Court denies Petitioner's motion for the reasons stated in its September 30, 2009 Opinion and Order.

## II. ANALYSIS

A motion for rehearing or reconsideration must be filed within ten days after entry of the Court's judgment or order. *See* E.D.Mich. LR 7.1(g)(1). The Court finds that Petitioner's motion is timely. However, Petitioner's motion fails to satisfy the requirements for reconsideration. He has not shown "a palpable defect by which the court and the parties have been misled" or shown "that correcting the defect will result in a different disposition of the case." E.D.Mich. LR 7.1(g) (3).

Additionally, under Rule 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Here, Petitioner has made no such showing.

Moreover, pursuant to the Michigan Court of Appeals website, on November 5, 2009, Petitioner's convictions and sentences were affirmed. *People v. Thompson*, No. 287737

(Mich.Ct.App. Nov. 5, 2009). Petitioner, therefore, still has an avenue in which to pursue relief; he can file an application for leave to appeal that decision in the Michigan Supreme Court. The Court therefore adheres to its decision in its Opinion and Order. After the Michigan Supreme Court issues its decision in Petitioner's case, then Petitioner may move to reopen this matter in this Court. Petitioner is not precluded from raising the claims raised in the state appellate courts in a future habeas petition.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Reconsideration" [dkt. # 13] is **DENIED**.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 23, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 23, 2009.

s/Denise Goodine
Case Manager